IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEITH SILFIES | : | CIVIL ACTION |
| v. | : | |
| THERESA DELBALSO, et al. | : | NO. 14-7193 |

FILED
AUG 12 2015
MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

ORDER

AND NOW, this 12th day of August, 2015, upon consideration of petitioner's pro se petition for a writ of habeas corpus (docket entry #1),[1] our January 5, 2015 Order referring this matter to the Honorable Timothy R. Rice for a Report & Recommendation ("R&R"), and Judge Rice's July 22, 2015 R&R (docket entry # 12), to which no objections were timely filed, and the Court finding that:

(a) In his thorough R&R, Judge Rice reviewed the extensive procedural history of Silfies's post-release litigation over his probation violations, which led to the reincarceration he seeks to void, R&R at 2-12;

(b) After a series of arrests in 2011 and 2012 that violated the terms of his probation, Silfies was sent to a State Intermediate Punishment program ("SIP") and a Treatment Continuum Alternative Placement program ("T-CAP") to address his substance abuse problems, id. at 2-4;

(c) Silfies absconded from the T-CAP program in 2012, id. at 4;

(d) After his subsequent arrest, he argued before Judge Reichley that he could not have violated his probation by leaving the T-CAP program because he knew he was ineligible for it, id. at 5;

(e) On July 17, 2012, Judge Reichley vacated Silfies's sentence and sentenced him to

---

[1] Magistrate Judge Rice observes in his Report & Recommendation that Silfies improperly styled his petition citing Section 2241, but the petition was reviewed as if properly filed pursuant to Section 2254. See R&R at 1 n. 1; see also docket entry # 3.

five to ten years in state prison but "[s]ubsequent court filings are mired in a series of improperly docketed motions and orders filed in the wrong case" with two similarly numbered dockets, id. at 6, as a result of which his attorney's statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) went astray, id. at 8;

    (f)    On October 11, 2012 the Superior Court issued two separate orders demanding that Silfies explain why his appeal should not be quashed for being untimely and because it was "taken from a purported order which is not entered upon the appropriate docket of the lower court," id. at 8, 9, and, when no response to either Order was filed, both appeals were quashed, id. at 9;

    (g)    Judge Reichley tried to disentangle the orders and motions, to no avail, id.;

    (h)    Judge Reichley appointed counsel to represent Silfies in seeking relief pursuant to Pennsylvania's Post-Conviction Relief Act ("PCRA"), but Silfies sought to dismiss his appointed counsel and represent himself, id. at 9, 10;[2]

    (i)    The Commonwealth requested that Silfies file an amended PCRA petition, but Silfies first sought Judge Reichley's ruling on his motion to proceed pro se so he could withdraw his PCRA petition as he wanted to proceed solely on his motion for extraordinary relief in which he pressed a double jeopardy argument, id. at 10;

    (j)    Judge Reichley granted Silfies's motion to withdraw his PCRA petition and denied his motion for extraordinary relief, which Silfies appealed to the Superior Court with a blizzard of applications for relief and other requests, id. at 11, 12;

    (k)    Ultimately, on February 7, 2014, the Superior Court affirmed Judge Reichley's dismissal of Silfies's motion for extraordinary relief and his additional requests for relief were

---

[2] "No one mentioned that the appointed PCRA counsel apparently had been a prosecutor involved in Silfies original conviction." R&R at 10.

five to ten years in state prison but "[s]ubsequent court filings are mired in a series of improperly docketed motions and orders filed in the wrong case" with two similarly numbered dockets, id. at 6, as a result of which his attorney's statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) went astray, id. at 8;

    (f)    On October 11, 2012 the Superior Court issued two separate orders demanding that Silfies explain why his appeal should not be quashed for being untimely and because it was "taken from a purported order which is not entered upon the appropriate docket of the lower court," id. at 8, 9, and, when no response to either Order was filed, both appeals were quashed, id. at 9;

    (g)    Judge Reichley tried to disentangle the orders and motions, to no avail, id.;

    (h)    Judge Reichley appointed counsel to represent Silfies in seeking relief pursuant to Pennsylvania's Post-Conviction Relief Act ("PCRA"), but Silfies sought to dismiss his appointed counsel and represent himself, id. at 9, 10;[2]

    (i)    The Commonwealth requested that Silfies file an amended PCRA petition, but Silfies first sought Judge Reichley's ruling on his motion to proceed pro se so he could withdraw his PCRA petition as he wanted to proceed solely on his motion for extraordinary relief in which he pressed a double jeopardy argument, id. at 10;

    (j)    Judge Reichley granted Silfies's motion to withdraw his PCRA petition and denied his motion for extraordinary relief, which Silfies appealed to the Superior Court with a blizzard of applications for relief and other requests, id. at 11, 12;

    (k)    Ultimately, on February 7, 2014, the Superior Court affirmed Judge Reichley's dismissal of Silfies's motion for extraordinary relief and his additional requests for relief were

---

[2] "No one mentioned that the appointed PCRA counsel apparently had been a prosecutor involved in Silfies original conviction." R&R at 10.

likewise denied, after which he filed a petition for a writ of habeas corpus in the United States District Court for the Middle District of Pennsylvania and that case was transferred to this Court on December 19, 2014, id. at 12;

    (l)    In his R&R, Judge Rice reviewed the well-established standard that requires a state prisoner to exhaust all state court remedies:

> A petitioner must first exhaust all available state court remedies, "thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citations omitted); see also § 2254(b)(1). The petitioner must "fairly present his claim in each appropriate state court . . . alerting that court to the federal nature of the claim." Baldwin, 541 U.S. at 29. If a petitioner has failed to exhaust his state court remedies and the state court would now refuse to review the claim for some procedural reason, the claim may be denied as procedurally defaulted. See Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991). A habeas claim also may be procedurally defaulted if the petitioner presented it to the state court, but the state court refused to address it on its merits based on "a state-law ground that 'is independent of the federal question and adequate to support the judgment.' " Cone v. Bell, 556 U.S. 449, 465 (2009) (citations omitted)[,]

id. at 13;

    (m)    If a claim is denied on its merits, a federal court can grant relief only if the state court's decision: (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding", 28 U.S.C. § 2254(d); see Showers v. Beard, 635 F.3d 625, 628 (3d Cir. 2011);

    (n)    In his petition, Silfies claimed ineffective assistance of counsel regarding his July 17, 2012 sentence where the subsequent appeals were quashed due to the filing errors, id. at 15, 16;

3

(o)     Judge Rice concluded that a PCRA petition was Silfies's proper procedural mechanism for challenging his attorney's failure to respond to the Superior Court Orders and subsequently quashing his appeals, but that Silfies failed to list "ineffective assistance of counsel" as a ground in his December 2012 PCRA petition, id. at 16;

(p)     Reviewing again Silfies's insistence on self-representation, Judge Rice observed, "Silfies. . . can blame no one but himself," id. at 19, concluding "Silfies failed to exhaust his state remedies because he never raised his ineffective assistance of counsel claim in state court in accordance with state procedural rules," id.;

(q)     Judge Rice also reviewed Silfies's Double Jeopardy claim, the crux of which was that the trial court no longer had jurisdiction over his sentence after it imposed the legally void T-CAP provision, id. at 23;

(r)     The Superior Court did not address his claim, id. at 20, but Judge Rice concluded that, even liberally construed, Silfies's claim fails because a court retains jurisdiction to correct a void sentence without violating Double Jeopardy, id. at 23 (citing Miller v. Aderhold, 288 U.S. 206, 211 (1933) (because permanently suspended sentence was void and therefore "a mere nullity without force or effect, [it was] as though no order at all had been made; and the case necessarily remain[ed] pending until lawfully disposed of by sentence");

(s)     Judge Rice also reviewed Silfies's Due Process claims that his July 2012 resentencing evinced "vindictiveness" and that he was not provided written notice of the claims against him prior to his revocation hearing and had no opportunity to defend against them, id. at 25-28, and Judge Rice concluded that they were meritless;

(t)     Finally, Judge Rice considered Silfies's request for an evidentiary hearing, which Judge Rice had discretion to grant, but denied it because Silfies's claims were either meritless or

procedurally defaulted and therefore would not be advanced by an evidentiary hearing, id. at 30;

(u) Judge Rice recommended that we deny Silfies's petition for a writ of habeas corpus and that we find there is no probable cause to issue a certificate of appealability, id. at 31;

(v) Accordingly, in the absence of objections from the petitioner, we will adopt and approve Judge Rice's R&R;

(w) Local Appellate Rule 22.2 of the Rules of the United States Court of Appeals for the Third Circuit provides that "at the time a final order denying a habeas petition . . . is issued, the district court judge will make a determination as to whether a certificate of appealability should issue";

(x) Such a certificate should issue only if the petitioner demonstrates that "reasonable jurists could debate" whether the petition states a valid claim for the denial of a constitutional right, Slack v. McDaniel, 529 U.S. 473, 484 (2000); and

(y) We do not believe that reasonable jurists could debate the conclusion that Silfies's petition does not state a valid claim for the denial of a constitutional right, and so we decline to issue a certificate of appealability;

It is hereby ORDERED that:

1. Judge Rice's Report and Recommendation is APPROVED and ADOPTED;

2. Silfies's petition for a writ of habeas corpus is DENIED;

3. For the reasons stated above, we DECLINE to issue a certificate of appealability; and

4. The Clerk of Court shall CLOSE this case statistically.

BY THE COURT:

_/s/ Stewart Dalzell_
Stewart Dalzell, J.

5